# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:25-CR-69 |
| | ) | |
| MICHAEL SPITZE, | ) | JUDGES VARLAN/POPLIN |
| | ) | |
| Defendant. | ) | |

---

## SENTENCING MEMORANDUM

---

Comes the Defendant, Michael Spitze, by and through counsel, and submits this Sentencing Memorandum for this Honorable Court's consideration in Mr. Spitze's sentencing hearing. In support of which the Defendant would show as follows:

## I.      FACTUAL BACKGROUND

Mr. Spitze plead guilty to attempted tampering of a victim. According to the Presentence Investigation Report ("PSR"), Mr. Spitze communicated directly with the minor victim ("MV") in Kyle Spitze's case (United States v. Kyle Spitze, Docket No. 3:24-CR-00025) to attempt to facilitate contact between her and Kyle Spitze. [Doc. 22].

Mr. Spitze acknowledges full responsibility for the conduct leading to his conviction and seeks treatment and rehabilitation in conjunction with any period of incarceration.

## II.     SENTENCING GUIDELINE ANALYSIS

The PSR was completed on April 14, 2026. The PSR calculated a total offense level of 27 and Criminal History Category I, which resulted in an advisory guideline range of 70 to 87 months

imprisonment. PSR ¶¶ 73, 81, 98. Further, Mr. Spitze is subject to a term of supervised release of not more than three years after he is released, pursuant to 21 U.S.C § 841(b)(1)(B). PSR ¶ 105. Recent amendments to the U.S. Sentencing Guidelines reaffirm that courts must focus primarily on 18 U.S.C. § 3553(a) in determining a sentence sufficient but not greater than necessary, and that sentencing outside the guidelines is consistent with Booker and post-Booker jurisprudence. Sentencing should be guided by the statutory purposes and parsimony principle rather than mechanical guideline calculations.

### III.    <u>PERSONAL BACKGROUND</u>

Mr. Spitze is a man whose life has been marked by constant change and substance abuse. Michael William Spitze was born on November 28, 1965, in Oahu, Hawaii, to Wilhelmine and Robert Spitze. PSR, ¶ 87. The family moved multiple times during the Defendant's childhood due to his father's service in the United States Marine Corps, and Mr. Spitze has lived in various states in America, in addition to France, Belgium, Greece, Egypt, Israel and other countries. PSR, ¶ 88; Letter from Johanna Ambrogi (Reference Letters, attached hereto as <u>Exhibit A</u>).

In December 1993, Mr. Spitze married Melanie Spitze. They had two sons, Justin and Kyle. Kyle is the son who is the basis for these tangential charges. PSR, ¶ 89.

Mr. Spitze's health challenges have been significant and ongoing. He has been diagnosed with Hepatitis B, polycythemia, irritable bowel syndrome and high cholesterol. PSR, ¶ 90. He also suffers from depression. He has received mental health treatment in Rockville, Maryland and currently receives mental health services at the Laural County Correctional Center. PSR, ¶ 91.

Mr. Spitze has used alcohol since a teenager and has used of marijuana daily since age 13. At 49, he became addicted to opiates. PSR, ¶ 92. He received substance abuse treatment at Sunrise Detox of Orlando, Florida in approximately 2018. He understands the importance of treating his

2

mental health diagnosis as it directly relates to his ability to set himself up for success after he is released and would like to continue receiving mental health treatment and substance abuse treatment while incarcerated in the Bureau of Prisons. PSR, ¶ 93.

Despite the turmoil in his life and substance abuse, Mr. Spitze has consistently sought employment that required a technical background. PSR, ¶ 95. He has also been a loyal and loving family member. Before his arrest in this case, he was a daily caretaker for his elderly parents, a loyal friend, and a supportive brother. Reference Letters, attached hereto as Exhibit A. As noted by his family, the tragic death of Mr. Spitze's ex-wife, with whom he planned to reconcile, soon before Kyle Spitze was arrested had a profound effect on Mr. Spitze. This tragedy, coupled with Mr. Spitze's "fierce" loyalty to his son were contributing factors in this case.

## IV. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

Courts are presented with a litany of factors to evaluate when determining the appropriate sentence for a defendant. First, the Court must examine the appropriate guidelines and calculate the applicable range of punishment for the offense at issue. While the Guidelines were made "effectively advisory" following the United States Supreme Court decision in *United States v. Booker*, the calculation of the appropriate range is still the initial analysis for courts to undertake. *United States v. Booker*, 543 U.S. 220 (2005). The *Booker* court specifically noted in rejecting mandatory guideline ranges that courts should impose sentences in light of the overall "reasonableness" as applied to the individual defendant in question. Id. In addition to considering reasonableness, courts are directed to "tailor the sentence in light of other statutory concerns" including, but not limited to, the factors enunciated for departures within the guidelines and bases for variance pursuant to 18 U.S.C. §3553. In fact, courts may consider any information that is not otherwise prohibited within the Guidelines when assessing what is a reasonable sentence. See U.S.S.G. §1B1.4.

3

Following the calculation of the appropriate guideline level and ranges, the sentencing court should look to any potential grounds for downward departure set out within the guidelines that may be applicable in a given case. Next, the court must examine the applicability of any grounds for an additional variance from the calculated guideline range in the instant case. Such grounds include any of the factors set out within 18 U.S.C. § 3553(a), however are not limited to those. A district court in the post-*Booker* era is mandated by Section 3553(a) to determine the appropriate sentence for a defendant based upon the totality of the circumstances surrounding the case and under the auspice of reasonableness. Included in this mandate is the instruction that the court "shall impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth" in the provision. 18 U.S.C. § 3553(a) (emphasis added).

The United States Sentencing Guidelines ("USSG") provide a "starting point" for the Court's sentencing decision. *Gall v. United States*, 552 U.S. 38 (2007); accord *Cunningham v. California*, 549 U.S. 85 (2007). District courts are required to consider the Guidelines but should "tailor the sentence in light of statutory concerns, as well." *Kimbrough v. United States*, 552 U.S. 85 (2007). As a result, the Court should consider all of the factors set forth in 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 50-51.

In imposing a sentence sufficient, but not greater than necessary, 18 U.S.C. § 3553(a)(2) states that the purposes of sentencing are to:

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a) further directs sentencing courts to consider (1) the nature and circumstances of the offence and the history and characteristics of the defendant; (3) the kind of sentencing available; (4) the kinds of sentence and the sentencing range established for the type of offense committed by the defendant as set forth in the United States Sentencing Guidelines; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

A.    **Nature and Circumstances of the Offense**

Mr. Spitze's actions in this case must be understood in the context of his personal struggles and the fact that he acted in an effort to help his son. During his interview with the United States Probation Office, Mr. Spitze admitted involvement in the offense and stated that he was "grieving and made very poor choices." PSR, ¶¶ 91-93. His family members echoed that he feels remorse for his actions in this case. This acknowledgment demonstrates not only his acceptance of responsibility but also provides crucial context for understanding why he did what he did.

B.    **History and Characteristics of the Defendant**

Mr. Spitze's personal history, including his mental health diagnoses and longstanding struggles with substance abuse, provides additional context for the Court's determination of a just sentence.

Although Mr. Spitze has made harmful choices, he has accepted responsibility for the instant offense. He recognizes the seriousness of his conduct and the impact it has had on others. At the same time, he has expressed a desire to address the root causes of his behavior so that he may return

to the community as a law-abiding, contributing member. A sentence that permits him to pursue treatment and rehabilitation aligns with these goals and appropriately serves the purposes of sentencing.

C. **The Need for the Sentence Imposed**

A sentence of seventy (70) months is an appropriate sentence in this case and sufficient to achieve the purpose of deterrence and punishment. Further, this sentence will affect Mr. Spitze's reputation, employment opportunities, housing opportunities, and relationships for the rest of his life.

D. **Protection of the Public**

The evidence suggests that Mr. Spitze's criminal conduct was directly related to his previously untreated mental health and substance abuse issues. With proper treatment for both his mental health and substance abuse issues, the likelihood of recidivism is significantly reduced. Treatment-focused opportunities while incarcerated have thus far shown to be very helpful to Mr. Spitze and he strongly anticipates that they will continue to be helpful.

E. **Educational or Vocational Training, Medical Care, or Other Treatment**

Mr. Spitze would significantly benefit from continued mental health and substance abuse treatment. He has expressed interest in furthering his education and vocational skills during any term of imprisonment in the Bureau of Prisons. Mr. Spitze's desire for self-improvement and treatment demonstrates his commitment to addressing the underlying issues that led to his involvement in this offense.

6

F. **Avoidance of Sentencing Disparities**

According to the Judiciary Sentencing Information database, during fiscal years 2020-2024, there were eleven (11) defendants with a Final Offense Level of twenty-seven (27) and a Criminal History Category of I under the primary guideline §2J1.2. PSR, ¶ 122.

For the eleven (11) defendants who received a sentence of imprisonment, the average length of imprisonment imposed was fifty (50) months and the median length of imprisonment imposed was forty-eight (48) months

Accordingly, in cases such as Mr. Spitze's, where a defendant has clearly accepted responsibility for his actions, a sentence of seventy (70) months would avoid disparities in sentencing.

G. **Restitution and Policy Statements**

Restitution is not applicable. PSR ¶¶ 116-117. No pertinent policy statements apply.

V. <u>**CONCLUSION**</u>

For the foregoing reasons, Michael Spitze respectfully requests that this Honorable Court sentence him to a term of imprisonment at the median range of the applicable guideline range and sentence him to seventy (70) months in prison, followed by a three (3) year period of supervised release. He submits that such a sentence is sufficient but not greater than necessary to achieve the statutory objectives set forth in 18 U.S.C. § 3553(a) and comports with the considerations set forth in the United States Sentencing Guidelines. With proper treatment and support, Mr. Spitze has the potential to become a productive member of society and avoid future involvement in criminal activity.

7

Respectfully submitted, this the 7th day of May, 2026.

/s/ Nathaniel Evans
NATHANIEL H. EVANS (BPR #026292)
THE EVANS LAW FIRM
625 Market Street, 10th Floor
Knoxville, TN 37902
(865) 523-2755
nate@evanslawfirm.law

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on May 7, 2026, the foregoing was filed electronically. Notice of this filing was sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

s/ Nathaniel H. Evans
NATHANIEL H. EVANS

8